*TUSCARAWAS COUNTY—JUNE TERM, 1816.*

---

PRESENT—TAPPAN, *President*—DEARDORFF, CAPLES AND LAFFER, *Associates.*

---

## BOYD vs. SELL.

CASE, FOR WORDS.

A justification of slanderous words, importing a charge of perjury, must not only state a false swearing in some judicial proceeding, but also in a matter material to the issue or point in question.

1st. count. "John Boyd swore me out of $1000, he had swore a damned lie, and I can prove it."

2d. count. "He is perjured, and I can prove it.

PLEA—Justification.

WRIGHT, for plaintiff.
CULBERTSON, for defendant.

The evidence is stated in the charge to the jury.

PRESIDENT.—*Gentlemen of the Jury :* This suit is brought for uttering and publishing certain slanderous words, importing a charge of perjury. The defendant admits the speaking of the words as charged in the plaintiff's declaration, and avers that they are true ; he states that, in an action of trespass for an assault and battery, tried in this

Tuscarawas.   court at a former term, the plaintiff was called as a witness
June, 1816.   to prove the trespass, that he was duly sworn, and that he
Boyd          on oath deposed, among other things, that the trespass was
v.            committed near the defendant's door, and on a mill road
Sell.
running by defendant's door; he then avers that, in truth and fact
there is no mill road within twenty rods of the defendant's door.

It is admitted, that the plaintiff did swear as is stated in the defendant's plea; and it is contended for the plaintiff: 1st. That, admitting the whole plea to be true, it is no justification, because it would not amount to perjury in the plaintiff, it being wholly immaterial to the issue, whether the trespass was committed within one yard or thirty yards of the defendant's door.   And 2nd. That the matter sworn to by the plaintiff, was true, in the circumstance of the road passing near by the defendant's door.

On the other hand, the defendant contends that he has made out a complete justification; that by the statute law it is not requisite that the false swearing should be in a point material to the issue, to constitute the crime of perjury; and further, that the evidence clearly proves, that no mill road run nearer than twenty yards of the defendant's door.

Taking this case on the plea, two points are to be decided, for the defendant to make it a good justification: 1st. That the plaintiff by the expression *near* and *by,* could not, by any reasonable and candid intendment, mean so great a distance as twenty yards.—Now how is this to be decided? I think that a point only twenty yards distant from a house, is near by that house; will any man say that it is far off? It seems to be a ludicrous mode of making out perjury in a witness. 2nd. To make this plea good, it must be maintained that perjury may be committed by false swearing in a matter wholly immaterial to the issue; or that it was material to the issue then tried, whether the mill road was one yard, or twenty yards, from the door. I cannot see from the evidence, or from the nature of the action, that it could be at all material, whether a road run by the defendant's door or not. It is admitted that the assault and battery was committed *near by* the defendant's door, and I am not informed how it could be more or less a trespass, by being on or off a road. But perjury can only be committed by "wilful, absolute and false swearing, in a matter material to the issue or point in question." The plea, then, presents no legal justification. How stands it on the evidence? Seven respectable witnesses swear to the fact of a mill road passing near by, within two or three yards of the defendant's door. On the other hand, six witnesses

swear that they know of no such road.   These wit-   <span style="float:right">TUSCARAWAS.</span>
nesses probably all swear truly; they do not contradict   June, 1816
each other,   One hundred, or any number of witnesses,   Ohio
swearing that they did not know the circumstances of a   *v.*
                                                          Shanks.
road, would not outweigh, it would not shake, the testimony of one
witness who knows the existance of the road, and who swears to that
knowledge.   So that, in this case, neither in law or evidence is any
defence supported; you ought, therefore, to find a verdict for the
plaintiff, &c.

Verdict for plaintiff.   Damages 50 dollars.